AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
JUL 2 9 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>WILLIAM CLEVELAND PECK<br><br>*Defendant(s)* | )<br>)<br>) Case No. C-20-1436m<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 2020 to present__ in the county of __Nueces__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1341 (mail fraud) | Use of the United States mail for the purpose of executing, or attempting to execute, a scheme to defraud the unemployment benefits program administered by the Texas Workforce Commission. |

This criminal complaint is based on these facts:
See attached

☑ Continued on the attached sheet.

*Michael R. Dove*
*Complainant's signature*

Special Agent, Department of Labor - OIG
*Printed name and title*

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed. R. Crim. P. 4.1, and probable cause found:

Date: July 29, 2020
 at 4:47 p.m.
City and state: Corpus Christi, TX

*Jason B. Libby*
United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Dove, hereby state the following:

1. I am a Special Agent ("SA") of the Office of Inspector General at the United States Department of Labor ("DOL-OIG") and have been so employed since May 2018.

2. Title 18, United States Code, Section 134 provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money...by means of false or fraudulent pretenses, representations...for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office..., any matter or thing whatever to be sent or delivered by the Postal Service...or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency...or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

3. The following recitation of facts and circumstances are provided as a direct result of my personal observations, information I have received from other participating agents and law enforcement officers and information obtained from law enforcement and government agency records.

4. On May 8, 2020, a written application for a Post Office ("P.O. Box") at the United States Postal Service ("USPS") Portairs Station, 4213 South Port Avenue Corpus Christi, TX 78415 was submitted under the name of William Peck.

5. Thereafter, USPS processed the application and assigned P.O. Box 71481 to applicant William Peck.

6. In or around June 2020, the United States Postmaster in Corpus Christi, Texas observed that an unusually large number of letters from the Texas Workforce Commission ("TWC") (more than approximately 250 pieces of correspondence) were addressed to P.O. Box 71481.

7. Upon further inspection, the Postmaster noticed that the TWC correspondence to P.O. Box 71481 was addressed to more than approximately 60 different individuals.

1

8. The Postmaster informed agents with the United States Postal Inspection Service about the suspicious activity associated with P.O. Box 71481. In turn, agents with the USPIS informed agents with the Department of Labor, Office of Inspector General.

9. The DOL-OIG investigation indicated that applications for approximately 85 different claims had been submitted to the TWC for unemployment benefits that all listed P.O. Box 71481 as the address for said individuals.

10. The investigation further revealed that TWC paid out approximately $95,000 dollars for unemployment benefit claims listing William Peck's P.O. Box 71481 as the address for the purported claimants.

11. The DOL-OIG investigation also included a review of the approximately 85 applications for unemployment, which revealed that a number of applications for unemployment benefits were filed under the same name, but with different Social Security numbers. Several applications listed a Texas address for the applicant, but when agents conducted a search of the applicant's Social Security number, the search revealed that the Social Security number was associated with an individual residing outside of Texas. There were also indications that fictitious companies had been listed in the applications.

12. The investigation further revealed that a claim under a social security number ending in "4075" was filed with the TWC, using William Peck's P.O. Box 71481 as the purported claimant's address. Investigators determined the "4075" social security number belongs to an individual with the initials Y.R., who resides in the state of Nebraska. When contacted by investigators, Y.R. stated that he lives in Nebraska, is currently employed, and never filed any unemployment claims with the TWC. Upon further investigation, investigators confirmed that Y.R. received wages in Nebraska during the first quarter of 2020.

13. On July 22, 2020, Postal Inspector called the telephone number listed on the application for P.O. Box 71481. The individual who answered the telephone acknowledged himself as the registrant of P.O. Box 71481, William Peck. The Postal Inspector informed Peck that his P.O. Box was full and required in-person pickup.

14. Agents conducting surveillance at Portairs Station observed a male subject arrive at Portairs Station, exit his vehicle and enter the Portairs Station. Inside the Portairs Station, the male subject inquired about the mail for P.O. Box 71481. The Postal Inspector requested that the male subject present identification to retrieve the mail from P.O. Box 71481. In response, the male subject presented a Texas Driver's License for "William Cleveland Peck." The Postal Inspector provided Peck with a USPS bin containing approximately 300 letters from the TWC. Peck took possession of the USPS bin containing TWC correspondence and exited the Portairs Station. Peck then carried the USPS bin to his vehicle, placed the bin in the trunk of his vehicle and departed in his vehicle.

15. Based on the above information, your affiant believes that there is probable cause to believe that Title 18, United States Code, Section 1341, which makes it a federal crime to commit mail fraud, has been violated by **WILLIAM CLEVELAND PECK**.